UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE & VICTORIA WILSON, m/d ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| SENTRY CREDIT, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Renee & Victoria Wilson, m/d, by and through their undersigned counsel, Bruce K. Warren, Esquire complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Renee & Victoria Wilson, m/d (hereinafter "Plaintiffs"), are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiffs reside in this District.

## III. PARTIES

4. Plaintiffs, Renee & Victoria Wilson, are mother (Renee) and daughter (Victoria) and are adult natural persons residing in Franklinville, NY 14737. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Sentry Credit, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of New York, with its principal place of business located at 2809 Grand Avenue, Everett, WA 98201.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about July 11, 2011, Plaintiffs began to receive phone calls from Defendant's agent, "Jennifer", regarding an alleged debt owed to National Collegiate Trust by Victoria Wilson and guaranteed by Renee Wilson.

8. The calls were relentless and the Defendant was unwilling to make payment arrangements that Plaintiffs could afford.

9. On or about July 28, 2011, Defendant's agent, "Jennifer", called Victoria's eighty-three year old grandmother, Mrs. McMannis.

10. Defendant's agent, "Jennifer", convinced Plaintiff's Grandmother to enter into a settlement to pay the debt.

11. The original balance of the debt was approximately $43,000.00 and Defendant's agent, "Jennifer", settled with Plaintiffs Grandmother for $28,108.00.

12. Defendant's agent, "Jennifer", arranged for Plaintiffs Grandmother to pay $5,000.00 via postdated check for July 31, 2011, another $5,000.00 postdated check that would be due dated August 31, 2011, and a final payment of $18,108.00 via postdated check that would be dated September 30, 2011.

13. Mrs. McMannis gave her checking account information over the phone over to Defendant's agent, "Jennifer".

14. Defendant provided a written communication to Plaintiffs that required confirmation of the settlement and requested a call from Plaintiffs. See copy of letter to Plaintiff dated July 28, 2011 attached hereto as **Exhibit "A"**[1].

15. Notwithstanding the above, Renee Wilson revoked acceptance of the settlement on July 29, 2011 at 2:52pm and requested no money be taken from Mrs. McMannis. See also Exhibit "A".

---

[1] The hand writing on the letter was placed on the document by Renee Wilson when she faxed the letter back to Defendant.

16. The letter sent by the Defendant is misleading as it indicates that "Failure to comply with these terms voids this or any settlement"; the Defendant has offered numerous settlement options even after July 31, 2011.

17. Defendant appropriated $5,000.00 from Mrs. McMannis on July 31, 2011 and has refused to return the funds.

18. Defendant's agent, "Jennifer", informed Plaintiffs on July 29, 2011 that the money was already credited to the account and could not be returned.

19. Defendants agent, "Jennifer", spoke with Dale Wilson, Victoria's father and Renee's husband and told Mr. Wilson that he had good credit and should get a loan to pay off the debt.

20. Defendants agent, "Jennifer", gave Plaintiff's father a list of several places he could get personal loans, and Plaintiffs should call Defendant's agent, "Jennifer", back when they secured one.

21. Mr. Wilson again informed Defendant's agent, "Jennifer", not to process the settlement the Defendant's agent, "Jennifer", arranged with the Mrs. McMannis.

22. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing the Plaintiffs to pay the debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

### COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(2): Contact of a Third Party: Stated that the consumer owes any debt.

§ 1692c(b): With anyone except consumer, consumer's attorney, or credit bureau concerning their debt.

§ 1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person.

§ 1692e: Any other false, deceptive, or misleading representation or means in connection with the debt collection.

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

§1692f(2) Accepted and solicited a postdated check by more than five days.

§1692f(4) Depositing or threating to deposit a postdated check prior to actual date.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Sentry Credit, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

29. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

30. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

31. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

32. As a direct and proximate result of Defendant's, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among

other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, National Credit Works, Inc., and Order the following relief:

a.  Actual damages;

b.  Statutory damages;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

### V.   JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: September 19, 2011      BY: _____
                              Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road, Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com